IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTER FOR POPULAR DEMOCRACY ACTION and CITY of NEWBURGH,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>BUREAU OF THE CENSUS; STEVEN DILLINGHAM, Director, Bureau of the Census; UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR ROSS, Secretary of Commerce,<br><br>    *Defendants.* | Case No. |

**PLAINTIFFS' MOTION TO COMPEL EXPEDITED PRODUCTION OF THE ADMINISTRATIVE RECORD AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs respectfully submit this memorandum in support of their Motion to Compel Expedited Production of the Administrative Record. As alleged in Plaintiffs' complaint, Defendants' five challenged actions—(a) a plan to hire an unreasonably small number of enumerators; (b) a drastic reduction in the number of Bureau field offices; (c) a significant reduction in the Bureau's communications and partnership program, including the elimination of local, physical Questionnaire Assistance Centers; (d) a decision to replace most in-field address canvassing with in-office address canvassing; and (e) a decision to make only limited efforts to count inhabitants of units that appear vacant or nonexistent based on unreliable administrative records—are arbitrary and capricious and

1

in violation of the Administrative Procedure Act. Each of these five final agency actions is stated in the Census Bureau's Final Operational Plan published earlier this year.

With each passing day, the census draws nearer and the window in which to rectify these deficiencies narrows. Plaintiffs seek expedited production of the administrative record underlying these decisions so that this Court can assess the sufficiency of the Bureau's rationales with sufficient time to rectify those deficiencies. The requested production is limited in scope to the five discrete agency actions in question. Expedited production is appropriate given the stakes of this challenge, namely, the agency's fulfillment of its constitutional obligation to conduct an actual enumeration and the consequences of a failure to do so, including malapportionment of seats in the House of Representatives and denial of substantial federal funding to plaintiffs and their members. This Court can and should authorize this expedited production, which is reasonable under the circumstances and supported by good cause.

## FACTUAL BACKGROUND

Plaintiffs CPD Action and the City of Newburgh bring this action to challenge five specific final agency actions related to Defendants' preparations for the 2020 Census. Plaintiffs allege that the deficiencies in staffing, outreach, field presence, as well as the misguided reliance on administrative records rather than in-field visits will, if left unresolved, result in an undercount of African-American and Hispanic communities. Such an undercount will unlawfully deprive the communities represented by Plaintiffs of political representation and a fair distribution of federal funds.

The 2020 Census will officially begin less than six months from now, on April 1, 2020.[1] The Census Bureau is currently in the midst of completing preparations for the census including hiring, spending on advertising, and other decisions. The bulk of census operations will be completed by the summer of 2020. Plaintiffs' claims are thus at risk of being mooted, and their injuries left unredressed, if they must wait for an extended period for the administrative record to be produced in this case.

## ARGUMENT

**A. Authority for Expedited Administrative Record Production.**

The determination of whether agency action was arbitrary and capricious must be assessed in light of the administrative record leading to that decision. *See Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308-09 (S.D.N.Y. 2012). Only with reference to specific facts before the agency and the rationales given for its decisions can a court determine whether the agency's action was arbitrary and capricious.

To ensure agencies facing challenges under the APA produce complete administrative records in a timely fashion, courts—including this one—possess authority to compel production of administrative records, augment existing administrative records, and set appropriate timelines for production. *See New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 548 (S.D.N.Y. 2019), *aff'd in part, rev'd in part and remanded sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019). That includes the power to expedite production of the administrative record. *See Saleh v. Pompeo*, 393 F. Supp. 3d 172, 178 & n.4 (E.D.N.Y. 2019) (adopting magistrate judge's favorable ruling on a "motion

---

[1] Some census operations in parts of Alaska will begin prior to this date in January 2020.

to compel expedited production of the administrative record" requiring production within two weeks); *Manker v. Spencer*, No. 3:18-CV-372 (CSH), 2019 WL 1506654, at *6 (D. Conn. Apr. 5, 2019) ("The purpose of this Order is to expedite the production of the relevant administrative records."). It is indisputably within this Court's discretion to direct expedited production in this case.

**B. Plaintiffs' Request is Reasonable and Supported by Good Cause.**

**1. The Request Is Reasonable in Light of the Timing and Stakes of the Case.**

A request for expedited production of the administrative record in this case is consistent with this Court's holdings that requests for expedited discovery be reviewed "under the flexible standard of reasonableness and good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). Plaintiffs' claims of urgency are eminently reasonable given the impending start date for the 2020 Census. Further, Plaintiffs can establish the "good cause" required for expedited production because Plaintiffs' claims are at risk of becoming moot if they must wait longer to receive the administrative record. *See, e.g.*, *AT & T Mobility LLC v. Miranda Holdings Corp.*, 2008 WL 2139519, at *2 (S.D. Fla. May 7, 2008) (finding "good cause" to expedite discovery and "get the case in a dispositive posture sooner" to "afford the injured party relief promptly" and avoid "the more time-consuming . . . preliminary injunction hearing").

Based on the facts available to Plaintiffs through public sources, Defendants' census preparations rely on choices that are not supported by the Census Bureau's own studies and data. However, such claims cannot be adequately assessed under the Administrative Procedure Act without the production of an administrative record. Thus,

4

before any injury could plausibly be redressed, this Court would need to first review the sufficiency of the Bureau's decisions against the administrative record.

If Plaintiffs' claims are not adjudicated before the census, Plaintiffs will be limited in their ability to remedy the harms they will suffer. There is no basis to suggest that a significant census undercount can be corrected after the fact. *See Dep't of Commerce v. U.S. House of Representatives,* 525 U.S. 316, 342 (1999) (prohibiting the use of statistical sampling for apportionment). Because of these unique circumstances and the risk that Plaintiffs' claims will be mooted, Plaintiffs have made a request that is reasonable and supported by good cause. *Ayyash*, 233 F.R.D. at 327.

### 2. This Request is Narrowly Tailored and Within Defendants' Capability

Requests for expedited production of information are appropriate when "requests are narrowly tailored and reasonable." *United States v. Erie Cty., NY*, No. 09-CV-849S, 2010 WL 11578742, at *4 (W.D.N.Y. Mar. 6, 2010). Here, Plaintiffs' request for the expedited production of an administrative record is narrowly cabined to information concerning the five discrete final agency actions that are the subject of the APA claims in this suit: the hiring of enumerators, the opening of field offices, the reduction to the communications and partnership program, the shift to majority in-office address canvasing, and the excessive reliance on administrative records. These activities are a narrow portion of the more than thirty activities and operations covered in the Final Operational Plan. Further, these documents are likely to be held only by a limited number of directorates within the Census Bureau, namely those for Communications, Field Operations, and Decennial Census Programs. Plaintiffs do not seek broad information

relating to general preparations for the 2020 Census. It is well within the Bureau's capabilities to produce documents related to these five final agency actions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Compel Expedited Production of the Administrative Record to ensure this litigation can be resolved with sufficient time to remedy the glaring defects in the 2020 Census.

Respectfully submitted,

/s/ Michael J. Wishnie

Rachel Brown, Law Student Intern[*]
Lisa Chen, Law Student Intern[*]
Daniel Ki, Law Student Intern[*]
Nikita Lalwani, Law Student Intern[*]
Geng Ngarmboonanant, Law Student Intern[*]
Laura Pietrantoni, Law Student Intern[*]
Joshua Zoffer, Law Student Intern[*]
Renee Burbank[**]
Michael J. Wishnie (MW1958)
Peter Gruber Rule of Law Clinic
Yale Law School[***]
127 Wall Street
New Haven, CT 06511
Tel: (203) 436-4780
michael.wishnie@ylsclinics.org

Jeremy M. Creelan
Susan J. Kohlmann
Seth H. Agata
Jacob D. Alderdice
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1600
jcreelan@jenner.com
skohlmann@jenner.com

---

[*] Motion for leave to file law student appearances forthcoming.
[**] Motion for leave to appear pro hac vice forthcoming.
[***] This brief does not purport to state the views of Yale Law School, if any.

## CERTIFICATE OF SERVICE

    I, Michael J. Wishnie, certify that today, November 26, 2019, I have caused a true and correct copy of the foregoing Motion to be filed with the Clerk of the Court of the United States District Court for the Southern District of New York via CM/ECF, which will send a notice of this filing to all participants in this case, including counsel for defendants. Parties that have not appeared will be served by regular mail.


                BY:    <u>/s/ Michael J. Wishnie</u>

                          Michael J. Wishnie