**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CENTER FOR POPULAR DEMOCRACY ACTION and CITY of NEWBURGH,<br><br>    *Plaintiffs*,<br><br>            v.<br><br>BUREAU OF THE CENSUS; STEVEN DILLINGHAM, Director, Bureau of the Census; UNITED STATES DEPARTMENT OF COMMERCE; AND WILBUR ROSS, Secretary of Commerce,<br><br>    *Defendants*. | Case No.  19 Civ. 10917 (AKH) |

**PLAINTFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL EXPEDITED PRODUCTION OF THE ADMINISTRATIVE RECORD**

Plaintiffs Center for Popular Democracy Action ("CPD Action") and the City of Newburgh, NY ("Newburgh") respectfully submit this reply memorandum to address Defendants' arguments against requiring expedited production of the administrative record of their decisions regarding specific procedures for the conduct of the 2020 Census.  The record sought is not only necessary to adjudicate claims brought under the Administrative Procedure Act, 5 U.S.C. § 500, *et seq.* ("APA") but also Plaintiffs' claim under the Enumeration Clause of the United States

1

Constitution, Article I, section 2. One claim, by necessity, permeates the other and, as Chief Judge Roger Gregory of the U.S. Court of Appeals for the Fourth Circuit recently noted, Defendants "cannot take refuge behind the fig leaf of deference to administrative procedure" when addressing claims under the Enumeration Clause. *Nat'l Ass'n for the Advancement of Colored People v. Bureau of the Census*, No. 19-1863, -- F.3d --, 2019 WL 6903962 at 20 (4th Cir. Dec. 19, 2019).

## ARGUMENT

Defendants' opposition brief acknowledges the urgency that underlies Plaintiffs' claims, by setting forth the fast-approaching dates on which the 2020 Census will begin and be conducted. *See* ECF 27 (Defs' Br.) at 2–4. As Defendants explain, the Census Bureau's preparations for and the early stages of conducting the 2020 Census are underway, the "self-response" stage of the 2020 Census will begin in mid-March, and the bulk of census operations will be completed in late summer 2020. *Id.* This timeline, and the potential for Plaintiffs' claims to be mooted if this case does not proceed expeditiously, are the central basis for Plaintiffs' motion. *See* ECF 3 (Pls'. Br.) at 2–3. Upon production of the administrative record, Plaintiffs intend to move swiftly for emergency relief on their APA claims.

Defendants do not argue that this case can proceed at a regular pace, but instead make several arguments that it should not proceed at all. But such arguments are improper at this stage. In any event, Plaintiffs CPD Action and Newburgh are not parties in the Fourth Circuit case upon which Defendants rely, and to the extent Defendants argue that that case precludes Plaintiffs' claims here, their position is inconsistent with controlling Second Circuit precedent. For the reasons argued herein, Plaintiffs respectfully request that the Court grant their motion to compel expedited production of the administrative record.

2

## A. Defendants Mistakenly Rely on the Recent Fourth Circuit Decision in Urging this Court to Deny Plaintiffs' Motion to Expedite.

Defendants' suggestion that the Fourth Circuit's recent decision in *NAACP v. Bureau of the Census,* --- F.3d ---, 2019 WL 6903962 (4th Cir. Dec. 19, 2019) ("NAACP Case") precludes production of Defendants' administrative record or should control this Court's decision in the instant case is wrong on the facts and the law. Moreover, such arguments are better left for a dispositive motion, which this is not.

It is beyond cavil that the parties before the Court in this matter are not before the court in the District of Maryland. Plaintiff Newburgh and Plaintiff CPD Action are not the same as the parties in the NAACP Case. No class was sought or certified under Rule 23 in the Maryland litigation, and the parties in this are not bound by the dismissal of the APA claims in the Maryland suit. In short, this case is brought by the City of Newburgh and by a membership-based organization in New York City, not organizations or residents of Maryland.[1]

In any event, the Fourth Circuit's recent decision in *NAACP v. Bureau of the Census*, No. 19-1863, 2019 WL 6903962, at *4 (4th Cir. Dec. 19, 2019) does not require the dismissal of Plaintiffs' APA claims. First, the Fourth Circuit's decision is not binding on this Court—unlike the Second Circuit's decision in *Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir. 1980). In *Carey*, the Second Court affirmed a preliminary injunction entered by the District Court for the Southern District of New York, holding that the plaintiffs' constitutional and APA claims were likely to succeed where the plaintiffs alleged that the Government was conducting the census in

---

[1] The Peter Gruber Rule of Law Clinic of Yale Law School and the national law firm of Jenner & Block LLP, are, indeed, counsel on both of these actions. The fact that such entities are counsel to different plaintiffs is irrelevant.

3

a manner that would disadvantage minority populations in New York City due to, among other things, "grossly inadequate" address lists. *Id.* at 836, 839.

In particular, it affirmed the Southern District's findings on the plaintiffs' APA claims. The trial court found that:

> plaintiffs merely were attempting to demonstrate that the overall effect of the Census Bureau's methods was to create an undercount of the populations of New York State and New York City that is so severe as to cast grave doubt on the constitutionality of any congressional apportionment that ultimately is based on the census count. Indeed, plaintiffs in their demand for relief have not requested that this court invalidate any particular methods adopted by the Census Bureau for enumerating the population.

*Carey v. Klutznik*, 508 F. Supp. 404, 413 (S.D.N.Y. 1980).

As with the claims in that case, Plaintiffs challenge the decisions made in carrying out the census. The complaint recites five distinct actions in the conduct of the 2020 Census that will inevitably lead to an undercount. Together, these actions and the resulting undercount would "cast grave doubt on the constitutionality" of the resulting apportionment based on census data, as well as the lawfulness of distributions of billions of dollars in federal funds and state legislative redistricting that will necessarily depend on the 2020 Census count.

To the extent Defendants argue that Plaintiffs are barred from raising a similar challenge to the gross inadequacies of certain decisions by Defendants in conducting the 2020 Census, that argument is inconsistent with *Carey*.

Second, whereas the Fourth Circuit held that the plaintiffs were alleging that the "Census Bureau is not doing *enough* to ensure an accurate enumeration in the 2020 Census," *NAACP*, 2019 WL 6903962, at *4, here Plaintiffs allege, among other things, that Defendants' actions are directly contrary to express Congressional directives. *See, e.g.*, Compl. ¶¶ 146–49. The focus of Plaintiffs' claim here is on Defendants' decision *not* to spend monies already

4

appropriated by Congress for the purpose of avoiding an undercount of hard-to-count communities in the 2020 Census.

Accordingly, Defendants' intended motion to dismiss plaintiffs' APA claims is not likely to succeed under this circuit's *Carey* precedent. This is no basis to deny Plaintiffs' request for expedited production of the administrative record in this case.

### B.  Expedited Production of the Administrative Record is Necessary for Meaningful Consideration of APA Claims and to Avoid Irreparable Injury.

Defendants do not dispute the significance of the proper enumeration of residents of this country, nor the "well-established" hardship that will be suffered from any delay in adjudicating Plaintiffs' claims. *NAACP v. Bureau of the Census*, No. 19-1863, -- F.3d --, 2019 WL 6903962 at *7 (4th Cir. Dec. 19, 2019).  Nor is the administrative record irrelevant to Plaintiffs' separate constitutional claim. As Chief Judge Gregory explained in that case:

> ***If Congress is in violation of the Enumeration Clause's mandate, it cannot take refuge behind the fig leaf of deference to administrative procedure.*** Nothing is more existential to the preservation of the "Republic" than requiring an "actual Enumeration" without "partiality or oppression."

*Id*. at *8. (emphasis added).

Moreover, the harm to Plaintiffs should the record not be produced in an expedited fashion would be profound.  In effect, the census would be so fundamentally and irretrievably flawed that it could require a re-canvassing.  *See Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 475 (S.D.N.Y. 1990) (granting motion for expedited discovery where "the irreparable injury the defendant potentially faces in the absence of expedited discovery is of far greater significance than any inconvenience to defendant from such expedited discovery.") The Defendants cannot plausibly claim that having a deeply flawed, albeit "on time" census, is more

5

important than having a constitutional, correct census carried out in accord with Congressional directives.

Defendants seek to preclude the Court's timely review of their administrative decisions by slowing production of the record here. But any delay in securing the administrative record here would effectively foreclose *any* review of the critically important census decisions at issue. Defendants' lengthy recitation of the timeline for the census only underscores the urgency of obtaining the administrative record now to allow such a review.

## **CONCLUSION**

For the foregoing reasons, and for those stated in Plaintiffs' moving papers, Plaintiffs respectfully request that the Court grant their Motion to Compel Expedited Production of the Administrative Record to ensure that litigation can be resolved with sufficient time to remedy defects in the 2020 Census.

Respectfully submitted,

/s/ Jeremy Creelan

| | |
|---|---|
| Rachel Brown, Law Student Intern[*] | Jeremy M. Creelan |
| Lisa Chen, Law Student Intern[*] | Susan J. Kohlmann |
| Daniel Ki, Law Student Intern[*] | Seth H. Agata |
| Nikita Lalwani, Law Student Intern[*] | Jacob D. Alderdice |
| Geng Ngarmboonanant, Law Student Intern[*] | Jenner & Block LLP |
| Laura Pietrantoni, Law Student Intern[*] | 919 Third Avenue |
| Joshua Zoffer, Law Student Intern[*] | New York, NY 10022-3908 |
| Renee Burbank[**] | Tel: (212) 891-1600 |
| Michael J. Wishnie (MW1958) | jcreelan@jenner.com |
| Peter Gruber Rule of Law Clinic | skohlmann@jenner.com |
| Yale Law School[2] | |

---

[2] This brief does not purport to state the views of Yale Law School, if any.
*Law student interns. Petition to practice pending.
**Application for admission forthcoming.

6

127 Wall Street
New Haven, CT 06511
Tel: (203) 436-4780
michael.wishnie@ylsclinics.org